UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 25-9827-E | Date | December 3, 2025 |

| | |
|---|---|
| Title | MARIA DEL SOCORRO MEJIACHAVEZ v. GENERAL MOTORS LLC |

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**  **Attorneys Present for Defendants:**
None     None

**Proceedings:**     (IN CHAMBERS)

On May 8, 2025, Plaintiff filed a Complaint in the California Superior Court for the County of Los Angeles. On May 12, 2025, Plaintiff reportedly served the Complaint on Defendant. The Complaint alleges only California state law causes of action under sections 1793.2, 1791.1 and 1794 of the California Civil Code. On October 14, 2025, Defendant filed a Notice of Removal in this Court, asserting diversity jurisdiction.

On October 24, 2025, Plaintiff filed a "Motion to Remand" ("the Motion"). On October 31, 2025, Defendant filed Opposition to the Motion. On November 7, 2025, Plaintiff filed a Reply. On November 21, 2025, the Court heard oral argument.

Plaintiff argues, and Defendant denies, that removal was untimely. Plaintiff also argues, and Defendant also denies, that Defendant has failed to carry its burden to prove the existence of federal subject matter jurisdiction.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a).

A notice of removal must be filed within 30 days of service of the complaint if the grounds for removability can be ascertained from the four corners of the complaint. See 28 U.S.C. § 1446(b)(1); Kuxhausen v. BMW Financial Services N.A., 707 F.3d 1136, 1139-40 (9th Cir. 2013); Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 886 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 25-9827-E | Date | December 3, 2025 |
|---|---|---|---|

| Title | MARIA DEL SOCORRO MEJIACHAVEZ v. GENERAL MOTORS LLC |
|---|---|

If the four corners of the complaint do not reveal grounds for removal, the notice of removal must be filed within 30 days of the defendant receiving "an amended pleading, motion, order or other paper" from which it may first be ascertained from the "face" of such document that the case is one which is or has become removable.  See 28 U.S.C. § 1446(b)(3); Harris v. Bankers Life & Casualty Co., 425 F.3d 689, 694 (9th Cir. 2005).  The "other paper" referenced in section 1446(b)(3) cannot include any paper received prior to service of the complaint.  See Kuxhausen v. BMW Financial Services, LLC, 707 F.3d at 1142; Carvalho v. Equifax Information Services, LLC, 629 F.3d at 885-86.

To invoke diversity jurisdiction where, as here, the complaint does not specify a particular amount in controversy, a removing defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  See 28 U.S.C. § 1332(a); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Plaintiff's argument that removal was untimely lacks merit.  Plaintiff predicates this argument largely on Plaintiff's representation in the Motion that the Complaint contains a federal law claim under the Magnuson-Moss Warranty Act.  This representation, which Plaintiff unaccountably repeated in her Reply and at oral argument, is plainly false.  The Complaint contains no such claim.

To the extent Plaintiff also argues that Defendant should have removed the action sooner on grounds of diversity jurisdiction, Plaintiff's argument fails, if only because the Complaint does not allege Plaintiff's citizenship.  See Harris v. Bankers Life & Casualty Co., 425 F.3d at 689; Tandock v. U.S. Renal Care Inc., 2025 WL 1397193, at *3 (C.D. Cal. May 14, 2025); Brady v. Kohl's Inc., 2022 WL 4104627, at *2 (C.D. Cal. Sept. 7, 2022); Crisp-Stoot v. Wal-Mart Stores, Inc., 2019 WL 1307735, at *2-4 (C.D. Cal. March 22, 2019).  Further, to the extent Plaintiff's untimeliness argument relies on documents reportedly delivered to Defendant in April of 2025, Plaintiff's reliance is misplaced.  Documents received prior to the filing of a complaint, even when argued to be considered in conjunction with information in the complaint, cannot trigger the 30-day period for removal.  See Carvalho v. Equifax Information Services, LLC, 629 F.3d at 886.

Even so, the Motion is granted.  Defendant has failed to carry its burden of proving the existence of federal diversity jurisdiction because Defendant has failed to prove that more than $75,000.00 is in controversy.  Defendant's attempted proofs are inconsistent, unduly speculative and ultimately unconvincing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 25-9827-E | Date | December 3, 2025 |
|---|---|---|---|

| Title | MARIA DEL SOCORRO MEJIACHAVEZ v. GENERAL MOTORS LLC |
|---|---|

    Defendant's Opposition does not even consistently identify the vehicle at issue. The Opposition sometimes identifies the vehicle as a Yukon and sometimes as a Tahoe. Defendant's estimates of actual damages also have been inconsistent. Defendant's Notice of Removal estimated actual damages at $94,498.07. Defendant's Opposition estimates actual damages at approximately $35,000.00 lower than the previous estimate. Defendant has failed to demonstrate that any material information available to Defendant at the time of the October 31, 2025 filing of the Opposition was unavailable to Defendant at the time of the October 14, 2025 filing of the Notice of Removal. To the contrary, it appears that Defendant used the same available information to offer to the Court grossly inconsistent estimates.

    Apart from these inconsistencies, unduly speculative assumptions underlie Defendant's most recent actual damages estimate, including the nature of the alleged defect on which Plaintiff is relying and how much time will pass before the case is resolved. Unduly speculative assumptions (coupled with lack of personal knowledge) also underlie Defendant's estimate of Plaintiff's attorney fees. Finally, Defendant's estimate of civil penalties, which is dependent on Defendant's rejected estimate of actual damages, could not be accepted even if the Court were to side with those decisions that include civil penalties in the calculation of amount in controversy whenever a complaint merely pleads entitlement to civil penalties rather than with those decisions that do not. Compare Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) with Savall v. FCA US LLC, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021); see also Gaus v. Miles Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

    Accordingly, the Court remands this matter to the California Superior Court for the County of Los Angeles, No. 25STCV13482. The Clerk immediately shall effect the remand and close this case.

cc:    All Counsel of Record

                                                                Initials of Deputy Clerk  VMUN